TERRACE ELLIS, Plaintiff *pro se*
1617 FOXWORTHY AVENUE
SAN JOSE, CA 95118
Telephone: (408) 621-6210
sunhomme@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS<br><br>Plaintiff,<br><br>v.<br><br>PERSOLVE, LLC., ACCOUNT RESOLUTION ASSOCIATES, SHVETA KUMBHANI, AND DOES 1-20<br><br>Defendants. | Case No. CV15-04974 PSG<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT** *47 U.S.C. § 227*, **FAIR CREDIT REPORTING ACT** *15 U.S.C. § 1681 et. seq.*, **FAIR DEBT COLLECTION PRACTICES ACT** *15 U.S.C §1692*, **AND CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** *§1788 et. seq.*<br><br>**Demand Exceeds $10,000.00** |

**PLAINTIFF'S COMPLAINT**

Plaintiff alleges the following against Defendants Persolve, LLC ("Persolve"), Account Resolution Associates ("AR"), and Shveta Kumbhani, Chief Compliance Officer for Persolve.

**INTRODUCTION**

1. Count 1 of Plaintiff's Complaint is based on violation of *47 U.S.C. §227*, the Telephone Consumer Protection Act (TCPA).

2. Count 2 of Plaintiff's Complaint is based on violations of *15 U.S.C. § 1681 et. seq.*, the Fair Credit Reporting Act (FCRA).

3. Count 3 of Plaintiff's Complaint is based on violations of *15 U.S.C §1692 et seq.* the Fair Debt Collection Practices Act. (FDCPA).

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

4. Count 4 of Plaintiff's Complaint is based on violations of *Ca. Civ. Code §1788 et seq.*, California's Rosenthal Fair Debt Collection Practices Act (RFDCPA).

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by *12 U.S.C. §2614; 47 U.S.C. §227(b)(3), 15 U.S.C. §1692; Ca. Civ. Code 1788.30(f), 28 U.S.C.§1331, and U.S.C. §1681p*

6. Venue is proper in this District pursuant to *28 U.S.C. §1391b*.

7. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in San Jose, Santa Clara County, California

9. Plaintiff is a consumer as that term is defined by the FCRA and FDCPA and RFDCPA.

10. Defendants are debt collectors as that term is defined by the FDCPA and RFDCPA. They are also "furnishers" of credit information to the national consumer reporting agencies and are subject to the FCRA.

11. Defendants Persolve and AR are national companies conducting business in California.

12. Defendant Shveta Khumbani is employed by Persolve as Chief Compliance Officer, and is sued individually in this action for her violative debt collector acts.

13. Plaintiff is informed and believes and based on such information and belief aver that Defendants and DOE Defendants 1 through 20, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

## FACTUAL ALLEGATIONS

-2-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

14. In 2012 Defendants Persolve and AR began their attempts to collect a consumer debt from Plaintiff that she did not owe.

15. Defendants' attempts to collect a debt on its own behalf, or on behalf of Crown Asset Management ("Crown").

16. Defendant asserts in its complaint that the debt, which Plaintiff does not owe, involved a Barclays Bank Delaware account.

17. Plaintiff is informed and believes that Barclays never represented to Defendant that Plaintiff was obligated to any account with Barclays.

18. Plaintiff never applied for a Barclays credit card.

19. Plaintiff did not have an account with Barclays.

20. Plaintiff had no credit transactions involving Barclays, nor did she owe any debt to Barclays.

21. Plaintiff is informed and believes that Defendant Persolve is a debt buyer who regularly engages in the business of purchasing charged-off consumer debt for collection purposes, whether it collects the debt itself, hires a third party for collection, or hires an attorney-at-law for collection litigation.

22. The debt is purchased "as is", "with all faults" and without recourse or warranties. The accuracy of said information in the purchased debt files is suspect at best, according to the Federal Trade Commission. (*See The Structure and Practices of the Debt Buying Industry, January 2013)*.

23. Despite the absence of any account, credit transactions or debt with Barclays, involving Plaintiff, Defendant <u>Persolve</u> alleged a permissible purpose with the national credit reporting agencies when it obtained Plaintiff's credit report on three (3) separate occasions: Experian (January 5, 2012 and February 14, 2012), and Equifax on (July 30, 2013). Plaintiff discovered these credit pulls on or about March 14, 2014.

24. Despite the absence of any account, credit transactions or debt with Barclays, involving Plaintiff, Defendant AR alleged a permissible purpose with the national credit reporting agencies when it obtained Plaintiff's credit report on October 8, 2013 and October 9, 2013 from Experian; Plaintiff discovered both these credit inquires on or about October 31, 2013. AR also obtained Plaintiff's credit report on September 17, 2014, which Plaintiff discovered sometime after September 17, 2014.

25. The FCRA allows access to a consumer's credit report only under specific circumstances where a permissible purpose exists. *See 15 U.S. C. §1681(b)(a) (2006)* ("[A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other"). As for "permissible purposes," Congress declared a credit reporting agency may provide a consumer's credit report:

> To a person the credit reporting agency has reason to believe "intends to use the information in connection with a <u>credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;</u>" or "otherwise has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." Emphasis added

26. 15 U.S.C. §§ 1681 b(a)(3)(A), (a)(3)(F)(i) (2006). According to §1681b(f), "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

27. Persolve and AR not only obtained a copy of Plaintiff's credit report without a permissible purpose, but also began reporting inaccurate trade lines on Plaintiff's credit report as follows:

- Inaccurate trade line was reported by <u>Persolve</u> on Equifax credit report, which continued after Plaintiff discovered the inaccuracy and disputed its veracity with Equifax sometime in the latter part of November 2013.

-4-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

- Persolve did not re-investigate the trade line, nor did it provide accurate, clear and complete results to the reporting agencies; instead, it continued to report inaccurate information in December 2013 and thereafter;
- Inaccurate trade line was reported by AR on Transunion credit report, which continued after Plaintiff discovered the inaccuracy and disputed its veracity with Transunion on March 28, 2014;
- AR did not re-investigate the trade line, nor did it provide accurate, clear and complete results to the reporting agencies; instead, it continued to report inaccurate information in April 2014 and thereafter;
- AR also reported inaccurate trade line on Equifax and Experian credit reports;
- Plaintiff disputed the Equifax trade line in March 2014, and the Experian trade line in the latter part of November 2013;
- AR continued to report inaccurate, disputed information on both the Equifax and Experian credit reports without conducting a re-investigation and without reporting accurate, clear and ocmplete results of that investigation to Equifax and Experian.

28. Under the requirements of FCRA, anyone who furnishes consumer information to a consumer reporting agency is a "furnisher" of information under the FCRA. Furnishers have a general duty to correct and update information submitted to the credit bureaus, if that information is incorrect. The FCRA also requires furnishers to note when a consumer disputes information being furnished to a credit reporting agency. FCRA 1681s-2(b) requires furnishers to conduct a reasonable investigation when a consumer disputes a trade line and to convey to the credit reporting agencies an accurate, clear and complete report of the results of its investigation.

29. Defendants should have known that the account was not verifiable because of Plaintiff's disputes to the national reporting agencies indicating that the "account did not belong" to her.

30. Plaintiff is informed and believes that Defendants' failure to note the account as "disputed" negatively impacted her credit score and lowered her credit worthiness, a valuable asset to Plaintiff in the commercial market place.

31. Plaintiff alleges that her credit standing which is an item of personal property and reputation has been damaged by reason of the aforementioned acts of Defendants including the promulgation and offering of false information concerning the status of a creditor's rights and debtors alleged deficient payments when the information was patently false and fraudulent. The rating based on this false information caused marked damages as Plaintiff's rating decreased as a

direct and proximate result of the false information reported.

32. Plaintiff's credit history has now been altered and rendered to be substandard and reflective of a bad credit rating *vis a vis* the norm of the industry standards causing Plaintiff's credit worthiness (a valuable personal property right) to be defamed, resulting in her inability to obtain credit, or alternatively, an inability to obtain more attractive rates in the commercial market place.

33. Plaintiff seeks damages to be proved at the time of trial and, if proper, an order for equitable relief to remedy these infractions and for damages against the Defendants who proximately caused this harm.

34. Violation of this duty is alleged actually and proximately causing damages to Plaintiff by defaming Plaintiff's **credit reputation** and **credit standing** and causing her financially induced emotional distress.

35. In addition to the violative acts mentioned above, Persolve representative Dave Gill called Plaintiff's cell phone number (408-621-6210) from 818-534-3125 on March 13, 2014, using an automatic telephone dialing system (ATDS).

36. Plaintiff did not provide her cell phone number to either Barclays, Crown or to any of the Defendants named herein.

37. Neither Barclays nor Defendants were given "prior express consent" to contact Plaintiff's cell phone.

38. On March 15, 2014, Plaintiff called Dave Gill and left a voicemail message informing him that his call to her was in error and to please have his company cease calls to her cell phone.

39. On March 28, 2014 Persolve representative Jim Frank called Plaintiff's cell phone number (408-621-6210) using an automatic telephone dialing system (ATDS). Frank's call was made from 818-534-3113.

40. Persolve and AR disclose their use of ATDS equipment on their website.

41. Plaintiff is informed and believes that this equipment was used to place calls to her

-6-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

cell phone.

42. Plaintiff sent a notice of dispute and debt validation letter to Defendant AR on April 12, 2014 (certified #7013-2630-0001-5336-6598). AR failed to respond and did not notify the national credit reporting agencies that the debt was disputed.

43. Plaintiff sent a letter to Defendant Persolve on November 4, 2015. Persolve's November 19, 2015 response, sent and signed by its Chief Compliance Officer Shveta Kumbhani was a further attempt to collect a debt, and stated the following: "We have requested additional documentation from our assigner and will provide copies to you upon receipt." Plaintiff has yet to receive the referenced documentation. Further, Persolve failed to notify the national credit reporting agencies that the debt was disputed.

44. Plaintiff is informed and believes that Defendants knew or should have known at the time it obtained Plaintiff's credit report that Plaintiff had signed no credit application with Barclays.

45. Plaintiff is informed and believes that Defendants also knew or should have known that Plaintiff neither engaged in credit or business transactions with Barclays, nor did she owe Barclays a debt; a fact evidenced by the absence of any agreement, account, or promise to pay Barclays.

46. Further, Defendants should have known that Plaintiff had no account with Barclay's as Plaintiff's multiple disputes to the national reporting agencies clearly indicated that the "account did not belong to her".

47. Plaintiff avers that Defendants' failure to respond to her debt validation requests offers further support of the fact that Defendants either knew or should have known that Plaintiff had no contract, account or debt with Barclays. Simply put, if such documentation existed, Defendants would have provided it to Plaintiff.

48. Around the same time (2012) Defendant began its unlawful activities against Plaintiff, she

COMPLAINT AND DEMAND FOR TRIAL BY JURY

received a phone call from the College Station, Texas Police Department notifying her that her personal identifying information had been discovered on the computer of a suspect in an Identity Theft criminal investigation (case #: 12-003961), possibly via a "Trojan" virus she inadvertently clicked while using the internet. According to the police department, this information would enable the suspect to create credit card accounts and transact purchases in Plaintiff's name.

49. Plaintiff is informed and believes that this Identity Theft scheme operated for an indeterminate period of time and either contributed to and/or resulted in the creation of the account referenced in this case. The account does not belong to Plaintiff.

50. Plaintiff is unclear as to Defendants' intention for obtaining Plaintiff's credit report, but in the absence of an account, transactions or debt involving Plaintiff, their unlawful, willful and intentional behavior certainly did not conform to the legitimate business purposes specified by the FCRA under the definition of "permissible purpose".

## COUNT 1

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

#### Against Defendant Persolve

51. Plaintiff re-alleges paragraphs 1-50 as though fully set forth herein.

52. Defendant Persolve demonstrated willful or knowing non-compliance with *47 U.S.C. §227(b)(1)(A)* by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

53. Defendant Persolve did not have prior express consent when using an automatic telephone dialing system to place the March 13th and March 28th 2014, phone calls to Plaintiff's cell phone in violation of *47 U.S.C. §227(b)(1)(A)(iii)*. Plaintiff is entitled to damages of $1500 per violation pursuant to *47 U.S.C. §227(b)(3)(B)*.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

**Against Defendants Persolve and Account Resolution Associates**

54. Plaintiff re-alleges paragraphs 1-53 as though fully set forth herein. On multiple occasions within the two years prior to filing this suit, Defendants Persolve and AR violated the Fair Credit Reporting Act, 15 U.S.C. *§1681s*-2b by failing to fully and properly investigate Plaintiff's dispute regarding the account, and/or by reporting inaccurately the results of such investigation.

55. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered actual damages including without limitation, by example only and as described herein: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

56. Defendants' conduct, action and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Persolve and AR in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**Against Defendants Persolve, Account Resolution Associates and Shveta Kumbhani, Chief Compliance Officer**

58. Plaintiff realleges paragraphs 1-57 as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of the *FDCPA, 15 U.S.C. §1692a(3)*.

60. Defendants are debt collectors within the meaning of the *FDCPA, 15 U.S.C. §1692a(6)*.

COMPLAINT AND DEMAND FOR TRIAL BY JURY

61. Persolve and AR's Chief Compliance Officer Kumbhani violated the FDCPA *1692e* in her November 19, 2014 letter by asserting false, deceptive or misleading representations in stating that Plaintiff owes a debt in the amount of 13,968.93.

62. Persolve and AR violated *1692e(8)* by communicating false credit information, including the failure to communicate that a debt is disputed; *1692(f)* by using unfair or unconscionable means to or attempt to collect the alleged debt; *1692 (f)(1)* by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law; and 1692(g) in their failure to send the consumer a 30-day validation notice within 5 days of the initial communication.

63. Defendants' Persolve and AR's continuous reporting on Plaintiff's credit report also violates *15 U.S.C §1692e(10)* in that it constitutes deceptive means to collect a debt or obtain information about a consumer.

## COUNT IV

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION

## PRACTICES ACT
**Against Defendants Persolve, Account Resolution Associates and Shveta Kumbhani, Chief Compliance Officer**

64. Plaintiff realleges paragraphs 1-63 as though fully set forth herein.

65. Plaintiff is a natural person as that term is defined by *Ca. Civ. Code §1788.2(g)*.

66. Defendants are debt collectors as that term is defined by *Ca. Civ. Code §1788.2 (c)*,

67. Persolve's and AR's Defendants' Chief Compliance Officer Kumbhani 's November 19th letter failed to include disclosures required under California's Rosenthal Fair Debt Collection Practices Act (*Ca. Civ. Code §1812.700*).

68. Defendants Persolve and AR further violated *Ca. Civ. Code §1788.13 (l)* by demanding money from Plaintiff without having been actually assigned a claim involving

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff.

69. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

70. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts, which are subject to proof.

71. Defendants Persolve, Account Resolution Associates and Shveta Kumbhani's violations of the Rosenthal Act were willful and knowing. Each Defendant is therefore liable to Plaintiff for her actual damages, statutory damages, and attorney's fees and costs pursuant to *Ca. Civil Code §1788.30*.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants Persolve, Account Resolution Associates and Shveta Kumbhani for the following:

Damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to *15 U.S.C. §1681n.*

Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*. Statutory damages pursuant to *47 U.S.C. §227(b)(3)(c);*

Actual damages pursuant to *15 U.S.C. §1692k (a)(1), and Ca. Civil Code §1788.30(a);*

Statutory damages pursuant to *15 U.S.C. § 1692k (a)(2)(A) and Ca. Civil Code §1788.30(b);*

Costs and reasonable attorney's fees pursuant to *15 U.S.C. §1692k (a)(3) and Ca. Civil code §1788.30(c);*

For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: October 25, 2015

By: _TE_____ Terrace Ellis

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1